KIMBALL-MATHEWS COMPANY, APPELLEE, v. ADAH TUCKER, APPELLANT.

FILED NOVEMBER 12, 1913. No. 17,434.

Sales: ACTION FOR GOODS SOLD: EVIDENCE. This action was to recover the price of a bill of goods shipped by plaintiff to defendant pursuant to a written order. Defendant claimed that the goods were damaged, and immediately returned them to plaintiff, and telegraphed plaintiff to "cut the order in two," and to fill the order so changed with a different description of goods. The plaintiff received the returned goods, and held them until after the commencement of this action; also accepted the changed order, and prepared and shipped to defendant the goods accordingly. These goods were received and paid for by defendant. Held, That the original order was canceled by these transactions, and that defendant cannot be required to receive and pay for the goods originally ordered.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed and dismissed.*

*Field, Ricketts & Ricketts,* for appellant.

*Burkett, Wilson & Brown, contra.*

SEDGWICK, J.

The plaintiff recovered a judgment for $86.25 in the district court for Lancaster county, and defendant has appealed.

Notwithstanding the smallness of the claim, we have had the assistance of two firms of eminent attorneys, and they have presented technical questions in the law of vendor and purchaser of personal property. Several witnesses testified upon the trial, but the determination of the fine points presented appears to depend upon the construction and effect of the written contract of sale and purchase and subsequent writings between the parties. The attorneys for the respective parties appear to have interpreted these writings differently, influenced possibly by the different interpretations thereof by the parties themselves. The cause was tried to the court without a jury, and we find ourselves constrained to take a different view of the meaning to be given to the contract from that taken by the trial court.

The defendant was proprietor of a photograph studio, and ordered a bill of "fancy buff-colored coverings" to be used in her trade. When the goods arrived she thought they were damaged, and telegraphed plaintiff: "Stock ruined in transit; will reship; cut order in two and fill with uncut paper; rush"—and immediately reshipped the goods to plaintiff. Plaintiff appears to have understood this telegram to be an additional order for goods, and prepared and shipped to defendant one-half of the amount originally ordered. Defendant understood the telegram, together with the return of the goods, damaged as she supposed, to be a rescission of the original order and the plac-

ing of a new order in place thereof. The point argued in the briefs is as to the rights of the respective parties under the original contract. The principal question discussed is as to the ownership of the property after it had been duly consigned to the defendant, and whether, if the goods were damaged in transit, it would be the loss of the plaintiff or of the defendant; whether the defendant would have the right to examine the goods and, if found damaged, to return them, without regard to whether the damage in transit was the fault of the plaintiff in packing and shipping them or solely the fault of the transportation company. We think it unnecessary to determine these interesting questions under the facts in this case.

It is clear that the defendant thought that the goods were damaged so that they were entirely unfit for her use, and she claimed the right to rescind the contract and make a new one, and if the plaintiff acknowledged that right, and accepted the new order in place of the original order, she would not be bound by the original contract. She immediately returned the goods furnished under the original contract, and the plaintiff executed her new order, so that it is only necessary to find the meaning of her telegram and the subsequent correspondence between them in relation thereto. The telegram told the plaintiff that the goods shipped were ruined, and that she would return them, and then directed the plaintiff to "cut the order in two and fill with uncut paper;" that is, in place of the original order, she now ordered one-half of the amount that she ordered before, and directed that it be filled with uncut paper, instead of as the original order was. The plaintiff did not answer by telegram, but immediately upon receipt of the telegram wrote the defendant a letter, in which the plaintiff said that it would "hardly be worth while" to return the goods, and stated that a claim for damages against the transportation company would have to be made by the defendant, because "when we take receipt for goods from the transportation company the goods become the property of the consignee." The plaintiff did not de-

cline to receive the returned goods when they arrived, and appears to have held possession of them until after the commencement of this action in the court below. The order by telegram was filled and the goods shipped within five days after the telegram was sent. The defendant's proposition in the telegram clearly was that the plaintiff should accept a return of the damaged goods, and should prepare and ship to the defendant goods of a different description and one-half of the quantity in the original order. If the plaintiff had not been at fault and was entitled to insist upon the original contract, this proposed substitution of a different order might have been rejected and the original contract insisted upon. This the plaintiff did not do. It accepted and executed the substituted order, and cannot now insist upon the performance of the original contract.

If this is a correct construction of the contract and conduct of the parties, the judgment of the district court is wrong, and it is therefore reversed and the cause dismissed.

REVERSED AND DISMISSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.